UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS J. PICKETT,<br><br>     Plaintiff,<br><br>v.<br><br>BOISE POLICE DEPARTMENT; MATTHEW BRYNGELSON; KEPA ZUBIZARRETA; AMY MORGAN; and JOHN DOES I-XL,<br><br>     Defendants. | Case No. 1:20-cv-00379-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  The Clerk of Court conditionally filed Plaintiff Dennis J. Pickett's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order, directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.  Screening Requirement**

  The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**2.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

Additionally, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its initial review under § 1915A, the Court has considered only the Complaint found at Docket No. 1, not Plaintiff's declaration offered in support of the Complaint found at Docket No. 1-1. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(c) ("No affidavits may be attached to a complaint or any type of amended complaint."). If Plaintiff files an amended complaint, he should remember to include all of his allegations within that amended pleading.

3.     **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the South Idaho Correctional Institution. Plaintiff alleges that, on August 10, 2018, Defendant Boise City Police Officers Matthew Bryngelson, Kepa Zubizarreta, and Amy Morgan, along with a number of unidentified police officers, entered Plaintiff's home without Plaintiff's consent. *Compl.*, Dkt. 1, at 4–6. The officers searched Plaintiff's home and removed his daughter from his custody. *Id*. at 5. After the officers removed Plaintiff's daughter, they showed Plaintiff a court order allowing the officers "to search for illegal contraband and [to] seize [Plaintiff's] daughter." *Id*. However, Plaintiff states he is "not even sure it was a court order." *Id*.

Defendant Bryngelson was the supervising officer on scene. He allegedly "failed to uphold Pickett or R.P.'s [presumably Plaintiff's daughter's] civil rights, supervise with intergrity [sic], [or] hold himself or subordinates accountable." *Id*. at 3. Bryngelson also allegedly omitted facts about the search from a magistrate judge "in order to further his investigation." *Id*.

Not all of the officers engaged in the search and seizure prepared incident reports, and at least some reports were not prepared until later. Plaintiff claims that the Boise Police Department does not have a policy requiring officers to write incident reports "after completion of incident or end of shift." *Id*. at 2. Plaintiff also claims that the Department does not have a policy requiring the video or audio recording of "their complete actions while on duty." *Id*.

Plaintiff asserts violations of his rights under the United States Constitution and

Idaho state law. Plaintiff seeks damages and injunctive relief.

**4.     Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

   *A.     Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v.*

*City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as the Boise Police Department, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a local governmental entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a local governmental entity "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it

constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts his § 1983 claims under the Fourth and Fourteenth Amendments. Although Plaintiff also cites the Fifth and Sixth Amendments, those amendments do not appear implicated by the allegations in the Complaint.[1]

      i.      Plaintiff's Claims May Be Barred by *Heck v. Humphrey*

Plaintiff does not explain whether his current incarceration is related to the allegedly illegal search. If the officers' actions on August 10, 2018 resulted in the conviction for which Plaintiff is incarcerated, Plaintiff's § 1983 claims are likely subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[1] The Fifth Amendment guarantees the right to a grand jury in federal criminal cases, the right not to be subjected to double jeopardy, the right to be free from compelled self-incrimination, the right to due process from the federal government, and the right to compensation for the taking of private property. The Sixth Amendment protects a criminal defendant's right to a speedy and public trial by an impartial jury, the right to confrontation and compulsory process, and the right to the assistance of counsel.

In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id*. at 486–87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of a conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court has clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

If Plaintiff files an amended complaint, he should set forth how the alleged constitutional violations relate to his current incarceration. In doing so, Plaintiff must set forth detailed allegations regarding that conviction and explain his position if he believes that success on his claims would not imply the invalidity of a criminal conviction.

    ii.    <u>The Complaint Fails to State a Federal Claim upon which Relief May be Granted</u>

Even if Plaintiff's § 1983 claims are not barred by Heck, the Complaint still fails to state a plausible claim for relief.

    a)    *Fourth Amendment Claims*

The Fourth Amendment protects against unreasonable searches and seizures and

"requires, as a general matter, that police procure a warrant before searching or seizing property." *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). A "search" occurs when a state actor infringes "an expectation of privacy that society is prepared to consider reasonable." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A "seizure" of property occurs "when there is some meaningful interference with an individual's possessory interests in that property." *Id*.

Warrantless searches and seizures inside a home are presumptively unreasonable, but there are exceptions to this warrant requirement. For example, "law enforcement officers may make a warrantless entry onto private property to fight a fire and investigate its cause, to prevent the imminent destruction of evidence, or to engage in hot pursuit of a fleeing suspect." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) (internal quotation marks and citations omitted). A warrant also is not required for an officer to enter a home to assist persons "who are seriously injured or threatened with such injury." *Id*.

Plaintiff states that Defendants entered and searched his home without his consent. But Plaintiff also acknowledges that officers showed him what appeared to be a court order. Therefore, the Complaint does not plausibly allege that the search was conducted without a warrant or, if it was, whether some exception to the warrant requirement applies. Plaintiff should keep the above standards in mind if he files an amended complaint.

> b) *Due Process Claims*

Plaintiff alleges that Defendants' removal of Plaintiff's daughter from his custody violated the Due Process Clause of the Fourteenth Amendment.

The principle of substantive due process protects the fundamental right of parents

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

in the care, custody, and management of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). However, because "the State has a profound interest in the welfare of the child, particularly his or her being sheltered from abuse," this fundamental right is not absolute. *Mueller v. Auker*, No. CV-04-399-S-BLW, 2005 WL 8159827, at *7 (D. Idaho Apr. 13, 2005) (unpublished) (internal quotation marks and alteration omitted). "To state a claim for violation of their substantive due process rights in this context, plaintiffs must allege conduct by defendants which is so arbitrary and unreasonable as to shock the conscience of the court." *Faulkner v. Reeves*, 1992 WL 96286, at *9 (D. Pa. 1992) (citing *Fanning v. Montgomery County Children & Youth Servs.*, 702 F. Supp. 1184, 1190 (D. Pa. 1988), and *In Re Scott County Master Docket*, 672 F. Supp. 1152, 1166–67. (D. Minn. 1987)); *see also Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1484 (9th Cir. 1989) (stating that the right to substantive due process is violated if the challenged action "was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare") (internal quotation marks omitted).

The principle of procedural due process also applies in this context. Parents may assert a pre-deprivation due process claim if their children were taken from their custody without sufficient investigation and a court order. A claim that children were unlawfully seized and removed from a parent's custody is "assessed under the Fourteenth Amendment standard for interference with the right to family association." *Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000) (as amended).

More particularly, the "Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe*,

237 F.3d at 1107. Governmental officials may remove a child from a parent's custody "without prior judicial authorization only if the information they possess at the time of the seizure" givens the officials "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis*, 202 F.3d at 1138. To determine whether the Fourteenth Amendment was violated with respect to the removal of a child without a court order, a court "must balance the fundamental liberty interests of the family unit with the compelling interests of the state in protecting children from abuse." *Croft v. Westmoreland County Children & Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997).

If a child is lawfully removed from a parent's custody pursuant to a court order, procedural due process also generally "guarantees prompt post-deprivation judicial review." *Campbell v. Burt*, 141 F.3d 927, 929 (9th Cir. 1998). However, when the child is "placed in the care of a consenting legal custodian, the parent from whom physical custody over the child is removed has no clearly established constitutional right to a state initiated hearing." *Shiraki v. Cannella*, 83 F. App'x 896, 897 (9th Cir. 2003) (unpublished) (citing *Caldwell v. LeFaver*, 928 F.2d 331 (9th Cir. 1991)).

Here, Plaintiff's daughter was removed pursuant to a court order; Plaintiff's conclusory statement that he is not sure the order he reviewed was authentic does not support an inference that Plaintiff's daughter was removed from his custody without prior judicial authorization. Nor does the Complaint allege that the child was placed with someone other than a consenting legal custodian. Additionally, because the Complaint states that there was a later hearing before a magistrate judge—at which one of the

Defendants allegedly omitted details of the search, *see Compl.* at 3—it appears that Plaintiff received a post-deprivation hearing regarding the child's removal. Therefore, the allegations in the Complaint do not plausibly suggest that Defendants violated Plaintiff's substantive or due process rights by removing the child from Plaintiff's custody.

### c)     *Claims against the Boise Police Department*

Plaintiff's claims against the Boise Police Department are implausible for an additional reason. The allegations in the Complaint do not give rise to a reasonable inference that the individual police officers' actions were the result of a custom or policy of the City of Boise or the Boise Police Department. *See Monell*, 436 U.S. at 694; *Mabe*, 237 F.3d at 1110–11. Further, the Court has found no authority for the proposition that city police departments are constitutionally required to issue policies providing for video or audio recordings of all officers' actions or requiring immediate or universal incident reports.

### B.     **State Law Claims**

In addition to § 1983 claims, Plaintiff asserts state law claims, such as invasion of privacy, placement in a false light, negligence, trespassing, and kidnapping. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.     **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single

pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: October 7, 2020

David C. Nye
Chief U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).