UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS J. PICKETT,<br><br>                Plaintiff,<br><br>v.<br><br>BOISE POLICE DEPARTMENT; MATTHEW BRYNGELSON; KEPA ZUBIZARRETA; AMY MORGAN; and JOHN DOES I-XL,<br><br>                Defendants. | Case No. 1:20-cv-00379-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

       Plaintiff Dennis J. Pickett is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

       Plaintiff has now filed a First Amended Complaint with different or additional allegations. *See* Dkt. 8-1. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having reviewed the First Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on some of the claims in the First Amended Complaint.

**1.      Screening Requirement**

       As the Court explained in its Initial Review Order, the Court must dismiss a prisoner complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**2.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**3.      Discussion**

   *A.      Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).

In the initial complaint, Plaintiff alleged that the individual Defendants searched his

home, and removed Plaintiff's child from his custody, pursuant to a court order, though Plaintiff expressed doubt that the order was genuine. Now, however, Plaintiff alleges that Defendants did not have a warrant or other court order and did not have probable cause.[1] *First Am. Compl.* at 11–12.

Based on these new allegations, the First Amended Complaint states plausible § 1983 claims against the three individual Defendants. Plaintiff's unlawful search and seizure claims will be analyzed under the Fourth Amendment, and Plaintiff's interference with parental rights claims will be analyzed under the Fourteenth Amendment's guarantee of substantive and procedural due process. *See Initial Review Order* at 8–12.

However, the First Amended Complaint does not state a plausible § 1983 claim against the Boise Police Department ("BPD"). Plaintiff's allegations do not give rise to a reasonable inference that BPD has (or had) a search-and-seizure or child-removal policy or custom amounting to deliberate indifference. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Plaintiff's allegations that such a policy or custom exists are nothing more than conclusory statements, which the Court is not required to accept for purposes of screening

---

[1] At this time, and for purposes of screening under § 1915A, the Court accepts the allegation that Defendants did not obtain a warrant or other court order for the initial GPS "ping" that led them to Plaintiff's location, for the search of the home, or for the removal of the child. However, Plaintiff should be aware that contradictory allegations in initial and amended pleadings may expose a party to sanctions under Rule 11(b), for example, as well as to a potential prosecution for perjury. *See PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("[I]f a party believes that its opponent pled in bad faith, it can seek other means of redress, such as sanctions under Rule 11, 28 U.S.C. § 1927 or the court's inherent authority."). Further, Defendants are free to utilize the inconsistent allegations in deposing plaintiff, and if necessary, on cross-examination, as well in testing the sufficiency of Plaintiff's evidence in an appropriate motion under Rule 56.

under § 1915A. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### B. State Law Claims

In addition to § 1983 claims, the First Amended Complaint alleges claims under Idaho state law. Plaintiff first alleges that Defendants made misrepresentations to Plaintiff with the intent that Plaintiff would act upon those misrepresentations. *First Am. Compl.* at 3–5, 7–8. From these allegations the Court infers that Plaintiff is asserting claims of fraud. Under Idaho law, a fraud claim consists of the following elements:

> (1) a statement or representation of fact, (2) the statement or representation was false, (3) the statement or representation was material, (4) the speaker knew of its falsity, (5) the speaker intended that there be reliance on the statement or representation, (6) the plaintiff was ignorant of the statement's or representation's falsity, (7) the plaintiff relied on the statement or representation, (8) such reliance was justifiable, and (9) there was a resultant injury.

*McCormack v. Caldwell*, 266 P.3d 490, 495 n.3 (Idaho Ct. App. 2011) (citing *Taylor v. McNichols*, 243 P.3d 642, 661–62 (2010)).

A plaintiff must plead the elements of fraud "with particularity." Fed. R. Civ. P. 9(b). This heightened pleading standard "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation

marks and alteration omitted). Under Rule 9(b), fraud allegations "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id*. (internal quotation marks omitted).

Plaintiff has not pleaded the elements of his fraud claim with particularly. Indeed, because the First Amended Complaint contains only conclusory statements as to the elements of fraud, the fraud allegations would fail even the more lenient pleading standard of Rule 8. *See Iqbal*, 556 U.S. at 678.

Plaintiff also asserts other state law tort claims, such as negligence (referred to as "malpractice" in the First Amended Complaint), civil trespass, and forcible detainer. *First Am. Compl*. at 8–9. These claims are based on the same factual allegations as Plaintiff's § 1983 claims and are therefore plausible. If Plaintiff has complied with the Idaho Tort Claims Act, *see* Idaho Code § 6-901 *et seq*., he may proceed on his non-fraud state law claims against the three individual Defendants, as well as against the BPD.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that some are colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants still may file a motion for dismissal or for summary judgment if the law and facts support such a motion.[2] Because (1) prisoner filings must be afforded a liberal

---

[2] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the First Amended Complaint under § 1915A. Therefore, motions to

construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as qualified immunity.

Plaintiff will be responsible for serving a summons and the First Amended Complaint upon Defendants either (1) by formal service of process or (2) by obtaining signed waivers of service of summons from each Defendant or their counsel. Plaintiff must do so within 90 days. If he does not, his claims against unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the First Amended Complaint (Dkt. 8) is GRANTED.

2. Plaintiff may proceed on the following claims as asserted in the First Amended Complaint: (1) Fourth Amendment claims of unlawful search and seizure, against Defendants Bryngelson, Zubizarreta, and Morgan; (2) substantive and procedural due process claims of interference with parental rights, against Defendants Bryngelson, Zubizarreta, and Morgan; and (3) state law claims, except for fraud, against Defendants BPD, Bryngelson, Zubizarreta, and Morgan. All other claims, including Plaintiff's

---

dismiss for failure to state a claim are disfavored in cases subject to § 1915 or § 1915A and may be filed only in extraordinary circumstances.

fraud claims, are DISMISSED. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend his complaint to assert such claims.

3. Within 90 days after entry of this Order, Plaintiff must obtain a waiver of service from, or effect formal service of process of the First Amended Complaint upon, Defendants BPD, Bryngelson, Zubizarreta, and Morgan.

4. The Clerk of Court will provide Plaintiff with (a) issued summonses for service of process upon Defendants Boise Police Department, Matthew Bryngelson, Kepa Zubizarreta, and Amy Morgan; and (b) four copies of the Notice of a Lawsuit and Request to Waive Service of Summons. Plaintiff is advised that if Defendants do not waive service, he is responsible for effecting formal service of process upon them.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7. Dispositive motions must be filed no later than 300 days after entry of this Order.

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to

      Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter

currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: March 22, 2021

_____
David C. Nye
Chief U.S. District Court Judge